# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2353

_____

|  |  |  |
|---|---|---|
| Lyle Hansen, | * |  |
|  | * |  |
| Appellant, | * |  |
|  | * |  |
| v. | * | Appeal from the United States |
|  | * | District Court for the District |
| Jerry J. Simon, Individually, and as | * | of South Dakota. |
| Sheriff of Potter County; John R. | * |  |
| Wilson, Individually and as Deputy | * | [UNPUBLISHED] |
| Sheriff of Potter County; Potter County, | * |  |
| South Dakota, | * |  |
|  | * |  |
| Appellees. | * |  |

_____

Submitted: February 17, 2000

Filed: February 24, 2000

_____

Before McMILLIAN and FAGG, Circuit Judges, and KYLE,* District Judge.

_____

PER CURIAM.

Lyle Hansen filed a 42 U.S.C. § 1983 claim of excessive force against Sheriff Jerry Simon, Deputy Sheriff John R. Wilson, and Potter County, South Dakota. A jury

_____

*The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

found for the defendants and Hansen moved for judgment as a matter of law or a new trial. The district court denied Hansen's motion and he appeals.

We review denial of judgment as a matter of law de novo and affirm unless, taking the evidence in the light most favorable to the defendants, no reasonable juror could have returned a verdict in favor of the defendants. See Goff v. Bise, 173 F.3d 1068, 1073 (8th Cir. 1999). Our review of the record and the parties' briefs convinces us that reasonable jurors could conclude that the force used by Simon and Wilson was objectively reasonable because Hansen (1) continued to drive his car for several miles after Wilson signaled him to stop, (2) refused to keep his hands where officers could see them when they approached his car, (3) refused to leave his car in spite of repeated requests by officers that he do so, and (4) continued to be uncooperative after being physically removed from his car. See Id. We thus affirm on the basis of the district court's order. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-